OPINION OF THE COURT
Michael D. Stallman, J.
In this special proceeding, petitioner seeks leave to serve and file a late notice of claim. Petitioner, a police officer, was assigned to the World Trade Center site from September 13, 2001 until December 2, 2001 and again on December 17, 2001. She claims that the City did not provide her with proper respi *245 ratory gear and that she developed lung damage and breathing problems as a result.
It is well settled that when considering an application to file a late notice of claim, the court should take into account a number of factors, including: (1) the reasonableness of the excuse offered for the delay in failing to timely file a notice of claim; (2) whether the municipality obtained actual knowledge of the essential facts constituting the claim within the 90-day filing period or within a reasonable time thereafter; and (3) whether the municipality was prejudiced by the applicant’s failure to comply with General Municipal Law § 50-e. (See generally General Municipal Law § 50-e [5].) Here, petitioner states that, while she had some breathing problems before December 17, 2001, it was only thereafter when she was diagnosed with asthma, emphysema and a granuloma. She asserts that although she consulted the Police Benevolent Association in January 2002, she was told they could not help her and she then retained private counsel, who promptly commenced this proceeding. Under all the circumstances, petitioner has shown a reasonable excuse for the delay.
As for the City’s knowledge of the facts underlying the claim, petitioner made a report of her complaints to Sergeant Ricky Lopez, who filed a written statement dated January 26, 2002, an aided report and a leave of duty injury report. Most significantly, the City assigned petitioner to the site in question. It knew what equipment she had, implicitly representing it to be sufficient under the circumstances. Whether or not petitioner had sufficient and appropriate equipment, and whether she used it, cannot be determined here and is not the issue before the court on this application. However, especially hi light of the intensive media coverage and investigations at all levels of government including City agencies, the City cannot contend it did not know of the environmental conditions at the World Trade Center site or the equipment it issued to its own personnel.
It is not necessary to determine here when petitioner’s claim accrued. If viewed as an injury allegedly caused by latent exposure to a toxic substance, under CPLR 214-c it accrued when petitioner discovered, or reasonably should have discovered the injury. Even if that occurred upon first exposure, the City learned of the essentials of petitioner’s claim when she reported them to Sergeant Lopez approximately six weeks after expiration of the 90-day filing period. Petitioner’s claim is similar to that of other police, fire and other public employees at the site. If the City was familiar with those claims, the City was certainly not surprised by the substance of petitioner’s claim.
*246 Finally, the City has not demonstrated that permitting this claim would be substantially prejudicial. Petitioner’s brief delay in bringing this application did not prevent any investigation of the circumstances or hamper the City’s discovery of the conditions at issue. Unlike many late notice of claim applications, the delay here had no effect on the City’s capacity to investigate, defend or correct an allegedly hazardous condition, or to objectively verify the existence of an ephemeral or transient condition.
Accordingly, petitioner’s application for leave to serve a late notice of claim is granted and the notice of claim is deemed timely filed and served in the form annexed to the order to show cause as the final unnumbered exhibit.