■ BRIAN TUITT, Appellant, v CITY OF NEW YORK et al., Respondents. [926 NYS2d 80]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered February 16, 2010, which denied petitioner's application for leave to serve a late notice of claim, unanimously affirmed, without costs.

Petitioner, a former police detective, alleges that he sustained personal injury as a result of the work he performed from September 11, 2001 until April 2002, at the World Trade Center (WTC) site, following the terrorist attack. He claims that in November or December 2008, he was diagnosed with post-

traumatic stress disorder (PTSD). On or about September 23, 2009, he moved for leave to serve a late notice of claim upon the municipal respondents.

We note initially that any error by the court clerk in refusing to allow petitioner to submit certain exhibits in support of his application is inconsequential, since the date of petitioner's PTSD diagnosis is not the determinative factor. Even were we to give petitioner the benefit of assuming that his injury accrued on the last date he worked at the WTC site, April 2002, the statute of limitations expired on his claim in July 2003 (*see* General Municipal Law § 50-i [one year and 90 days for tort claims]). Since the statute of limitations on petitioner's underlying claim had expired at the time he made his application, the motion court lacked the discretion to grant him an extension of time to serve a late notice of claim (General Municipal Law § 50-e [1], [5]; *see Matter of McGillick v City of New York*, 13 AD3d 195 [2004]).

The statutory tolling provision set forth in CPLR 214-c, which provides that a claim for latent exposure to a toxic substance accrues when the petitioner discovered or reasonably could have discovered the injury, is inapplicable. Petitioner's claimed injury is psychological. It is not the type of physical injury caused by latent exposure to a toxic substance required by section 214-c (*compare Matter of Taha v City of New York*, 192 Misc 2d 244 [2002] [lung damage]).

We have considered petitioner's remaining contentions and find them without merit. Concur—Saxe, J.P., Sweeny, Catterson, Freedman and Manzanet-Daniels, JJ.