■ MICHAEL GRABER et al., Appellants, v CITY OF NEW YORK, Respondent. — Appeal by plaintiffs from an order of the Supreme Court, Queens County (Kassoff, J.), entered September 16, 1981, which denied their motion to strike defendant's affirmative defenses and dismissed the complaint. Order affirmed, without costs or disbursements. Plaintiffs seek to recover for damages allegedly sustained on June 22, 1979. On July 1, 1980 Special Term granted plaintiffs' motion for leave to serve a late notice of claim. A copy of the order and a notice of claim were served on the city on August 7, 1980 and August 11, 1980, respectively. The Comptroller's office shortly thereafter served the plaintiffs with a demand for an examination, which was scheduled for October 29, 1980. The examination was conducted and plaintiffs served a complaint on October 30, 1980. We find no merit to plaintiffs' contention that the city's demand for examination tolled the Statute of Limitations. (See General Municipal Law, § 50-i, subd 3; *Astromovich v Huntington School Dist. No. 3,* 80 AD2d 628; *Lowinger v City of New York,* 64 AD2d 888; *Kratz v Dussault,* 33 AD2d 826.) Nor can the plaintiffs claim that the city should be equitably estopped from asserting that the action was time barred as the plaintiffs made no attempt to preserve their action by requesting that the examination be rescheduled for an earlier date. Instead, they erroneously believed the limitations period had been tolled by the demand for an examination. There was, in effect, no conduct on which the plaintiffs could rely to believe the time to commence the instant action had been enlarged. (See *Bender v New York City Health & Hosps. Corp.,* 38 NY2d 662, 668; see, also, *Pierson v City of New York,* 56 NY2d 950.) The plaintiffs, cognizant of the limitations period, were capable of preserving their cause of action through either voluntary conduct or a request for judicial relief that the examination be scheduled within the limitations period. Damiani, J. P., O'Connor, Thompson and Brown, JJ., concur.