■ REBECCA THOMAS, Appellant, v CITY OF NEW YORK et al., Respondents et al., Defendants. — In a medical malpractice action, plaintiff appeals from an order of the Supreme Court, Queens County (Buschmann, J.), dated May 16, 1983, which, *inter alia,* denied her motion for leave to serve a late notice of claim and granted a cross motion of defendants City of New York and New York City Health and Hospitals Corporation for summary judgment dismissing the action as to them. ¶ Order affirmed, with costs. ¶ Plaintiff commenced this action contending that, as a result of surgery performed in January, 1980, she lost vision in her left eye. In November, 1980, plaintiff, stating that the last date of treatment was April 18, 1980, sought permission to serve a late notice of claim. The motion was denied "with leave to renew upon proper papers (i.e. affidavits as to treatment being competent producing cause of condition and claimant's capacity)". The action was thereafter commenced by service of a summons and complaint on June 1, 1981. Following the receipt of an answer setting forth the affirmative defense of a failure to serve a timely notice of claim and a motion for discovery and inspection of hospital records, plaintiff, by notice of motion dated December 10, 1982, finally renewed her application to serve a late notice of claim. At that time she alleged that the date of last treatment was June 24, 1980 so that her "notice of claim was, at most, two or three days late". ¶ Special Term denied her motion and granted the cross motion of the respondents to dismiss. We affirm. ¶ An application for leave to serve a late notice of claim must be made, with exceptions not applicable here, within one year and 90 days after the date of the occurrence, in this case the date of last treatment (*Silbernagel v City of New York,* 57 NY2d 691; *Pierson v City of New York,* 56 NY2d 950; *Saler v City of New York,* 96 AD2d 583; *Matter of Gelpi v New York City Health & Hosps. Corp.,* 90 AD2d 503; cf. *Cotto v City of New York,* 99 AD2d 748). The motion brought in December, 1982 was thus too late and did not relate back to the prior motion (CPLR 2211; *Wheeler v Brady,* 2 Hun 347, 348; 2 Carmody-Wait 2d, NY Prac, § 8:79, pp 98-99; cf. *Matter of Stoute v City of New York,* 91 AD2d 1043, mot for lv to app dsmd 59 NY2d 762; but see *Blackstone Inst. v Agnelli,* 153 Misc 760). Nor do we perceive any actions of the respondents which would warrant application of an estoppel (*Graber v City of New York,* 89 AD2d 598; cf. *Matter of Daleview Nursing Home v Axelrod,* 62 NY2d 30; *Bender v New York City*

*Health & Hosps. Corp.,* 38 NY2d 662, 668; *Cassidy v County of Nassau,* 84 AD2d 742). ¶ In any event, the City of New York is not a proper defendant (*Brennan v City of New York,* 88 AD2d 871, affd 59 NY2d 791) and, on this record, even if the application had been timely, denial would have been an appropriate exercise of discretion (see *Fox v City of New York,* 91 AD2d 624; *Matter of Morris v County of Suffolk,* 88 AD2d 956, affd 58 NY2d 767). Mollen, P. J., Titone, Lazer and Thompson, JJ., concur.