■ In the Matter of NUNZIO MAZZILLI, Respondent, v CITY OF NEW YORK, Appellant.—In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, the City of New York appeals (1) as limited by its brief, from so much of an order of the Supreme Court, Kings County (Jones, J.), dated May 27, 1983, as, in denying petitioner's application for leave to serve a late notice of claim, did so without prejudice to renewal, and (2) from an order of the same court, dated January 25, 1984, which, upon renewal, granted petitioner leave to serve a late notice of claim.

Appeal from the order dated May 27, 1983, dismissed. That order was not appealable by the City of New York *(see, Bird v Bird,* 111 AD2d 204).

Order dated January 25, 1984, affirmed.

Petitioner is awarded one bill of costs.

Petitioner sustained injuries when he was allegedly assaulted by New York City police officers on January 13, 1982. By notice of motion dated March 31, 1983 petitioner sought leave to serve a late notice of claim. In support of his application, petitioner claimed that he was unable to serve the notice of claim within the 90 days required by General Municipal Law § 50-e (1) (a) because the physical and resulting psychological injuries he sustained necessitated his hospitalization for approximately 10 months. He was unable to retain an attorney until May 25, 1982. Further delay was caused by the repeated refusals of the New York City Police Department and Kings County Hospital to provide a complaint report and medical records, respectively, which were necessary to substantiate the merits of his claim.

The application was denied "with leave to renew on proper

papers" showing that the city had "actual knowledge of the essential facts constituting the claim within [90 days after the claim arose] or within a reasonable time thereafter" (General Municipal Law § 50-e [5]). On July 13, 1983 petitioner renewed his application, tendering a police report and hospital records, which were obtained by judicial subpoenas, as proof of the city's knowledge of the facts underlying his claim. In addition to corroborating petitioner's physical injuries, the medical report also indicated that from August to November 1982, petitioner was suffering from schizophrenia.

Special Term granted the application, holding that it was timely because petitioner's insanity had tolled the statute pursuant to CPLR 208.

An application for leave to serve a late notice of claim must be made within one year and 90 days after the claim accrues, unless the statute. has been tolled (Cohen v Pearl Riv. Union Free School Dist., 51 NY2d 256, 262). Special Term erred in holding that the Statute of Limitations had been tolled by petitioner's insanity. CPLR 208 requires that the person seeking the benefit of the toll be insane at the time the cause of action accrues—here January 13, 1982—the date of the alleged assault. However, no proof has been tendered showing that petitioner was suffering from a mental infirmity on this date (see, McCarthy v Volkswagen of Am., 55 NY2d 543; Barnes v County of Onondaga, 103 AD3d 624, affd 65 NY2d 664).

However, the proceeding, which was renewed by motion brought on July 13, 1983, was nevertheless not barred by the Statute of Limitations since it was timely brought on pursuant to express permission granted by Special Term (see, Wheeler v Brady, 2 Hun 347, 348; Thomas v City of New York, 102 AD2d 867).

Special Term was correct in granting petitioner leave to serve a late notice of claim. "The purpose of subdivision 5 of section 50-e of the General Municipal Law, as amended, is to allow the judiciary to be flexible, to consider all relevant factors, and to exercise considerable judicial discretion in determining whether to permit service of a late notice of claim" (Matter of Lucas v City of New York, 91 AD2d 637). The court must consider "whether the public corporation * * * acquired actual knowledge of the essential facts constituting the claim within [90 days after it arose] or within a reasonable time thereafter" (General Municipal Law § 50-e [5]). Relevant factors also include whether the delay in serving the notice of claim substantially prejudiced the corporation

*(Matter of Lucas v City of New York, supra)* and although not as critical, whether the petitioner has tendered an adequate excuse for the delay *(Matter of Cicio v City of New York,* 98 AD2d 38).

In the case at bar, it is clear that the city acquired actual knowledge of the essential facts underlying petitioner's claim by virtue of the police complaint *(see, Matter of Lucas v City of New York, supra; Matter of Somma v City of New York,* 81 AD2d 889; *cf. Fox v City of New York,* 91 AD2d 624). The city has failed to show that it has been prejudiced by the petitioner's delay in serving a formal notice of claim. Furthermore, petitioner's physical and mental disability provided an adequate excuse for the delay. Finally, the failure of the Police Department and Kings County Hospital to promptly furnish petitioner with the records which contained the evidentiary matter upon which the claim was based also impaired petitioner's ability to timely serve a notice of claim *(see, Cassidy v County of Nassau,* 84 AD2d 742). Lazer, J. P., Thompson, Weinstein and Niehoff, JJ., concur.