■ In the Matter of CARL MESSINEO et al., Respondents, v BENJAMIN WARD et al., Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the Commissioner of Police of the City of New York to produce certain records relating to the suspension of the petitioner Carl Messineo's rifle permit and to conduct forthwith an administrative hearing to review the suspension, the Commissioner and the Mayor of the City of New York appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Jones, J.), dated July 9, 1985, as directed the reinstatement of Carl Messineo's rifle permit and the return of his confiscated weapons, and waived the requirement of an administrative hearing.

Ordered that the judgment is reversed insofar as appealed

from, on the law, with costs, and the matter is remitted to the appellants for an administrative hearing.

The petitioner Carl Messineo's rifle permit was suspended by the Commissioner of Police following an incident on October 4, 1984, in which Messineo allegedly threatened another individual with a rifle. The police responded to the Messineo home shortly after the incident, and, following their visit the petitioner, Mary Messineo, filed a complaint with the Civilian Complaint Review Board against the responding officers. The instant proceeding was brought to compel the Commissioner to release certain records relating to the October 4, 1984 incident, to furnish a copy of any decision made with respect to Mary Messineo's civilian complaint report, and to conduct an administrative hearing to review the suspension, as provided for by New York City Administrative Code § 436-6.6 (g). Since the Commissioner acted within his authority in suspending the permit, Special Term was without jurisdiction to bypass the statutorily mandated administrative review procedures and to *sua sponte* grant relief based upon its opinion of the merits of the suspension *(see, Young Men's Christian Assn. v Rochester Pure Waters Dist.,* 37 NY2d 371, 375; *Matter of Weissman v City of New York,* 96 AD2d 454, 456, *appeal dismissed* 60 NY2d 815). That portion of the judgment waiving the hearing, reinstating the permit, and ordering the return of Carl Messineo's weapons must accordingly be reversed and the matter remitted to the appellants for an administrative hearing. Mollen, P. J., Thompson, Eiber and Spatt, JJ., concur.