■ In the Matter of GAIL RIEARA, Individually and as Parent and Natural Guardian of CHRISTOPHER RIEARA and Another, Infants, Appellant, v CITY OF NEW YORK DEPARTMENT OF PARKS AND RECREATION, Respondent.—Order, Supreme Court, New York County (David B. Saxe, J.), entered July 5, 1988, which denied plaintiffs' motion for leave to serve a late notice of claim and granted defendant's motion for summary judgment (CPLR 3212) dismissing the complaint, unanimously affirmed, without costs.

This personal injury action involves an accident which allegedly occurred on April 19, 1986, when plaintiff, Gail Rieara, fell from a "tree house" in a Central Park playground. Her two children, ages 5 and 6, witnessed the fall. Rieara claims that the negligence of the city in the maintenance of the playground was the cause of her injuries and her children's emotional distress.

On December 23, 1986, plaintiffs moved for leave to serve a late notice of claim alleging that the delay in seeking the requested relief was due to Rieara's physical incapacitation from the accident and the infancy of the children. The Supreme Court, New York County (Edith Miller, J.), on June 1, 1987, after considering General Municipal Law § 50-e (5), denied plaintiffs' application with leave to renew upon submission of proper medical evidence of Rieara's incapacity. We find that this discretionary ruling was proper. *(See, Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256, 265.)

On February 24, 1988 (more than nine months after Justice Miller's order and more than seven months after the expiration of the Statute of Limitations) plaintiffs renewed their prior application. Defendants cross-moved for summary judgment. The renewal was based upon the submission of Rieara's hospital records and an orthopedic surgeon's affirmation. Justice Saxe denied the application and granted the city's cross motion.

General Municipal Law § 50-e (5) governs applications for leave to serve a late notice of claim upon the city. Unless the Statute of Limitations has been tolled, the extension of time may not exceed the time limited for commencement of the action.

Plaintiffs urge that the city is estopped from asserting plaintiffs' failure to timely serve a notice of claim, as well as the untimeliness of the renewal motion. However, estoppel against a municipality will only lie when the municipality's conduct was calculated to, or negligently did, mislead or discourage a party from filing a timely notice of claim or an application for leave to serve a late notice, and when that conduct was justifiably relied upon by that party. *(See, e.g., Luka v New York City Tr. Auth.,* 63 NY2d 667, *affg for reasons stated in opn* 100 AD2d 323, 325.) In this case, the record is bereft of any such evidence.

Plaintiffs also assert that the limitations period was tolled from the date of Justice Miller's denial of their initial application, or alternatively, as soon as they commenced this action. However, the Statute of Limitations for the commencement of an action is tolled from the time a plaintiff seeks leave to serve a late notice of claim until an order granting such relief goes into effect. *(Giblin v Nassau County Med. Center,* 61 NY2d 67.) This type of toll is inapplicable here since plaintiffs' initial application was denied. Moreover, this type of toll, if applied here, would not effectively bring the renewal motion within the limitations period. Plaintiffs' argument that the renewal motion "relates back" to the initial application is unavailing. *(See, Thomas v City of New York,* 102 AD2d 867; *Lopez v City of New York,* 123 AD2d 765.) If this argument were accepted the Statute of Limitations would have no practical effect for it would impose no time constraint on seeking renewal.

We have considered plaintiffs' other claims and find them to be unpersuasive. Concur—Kupferman, J. P., Asch, Kassal, Wallach and Rubin, JJ.