■ In the Matter of ANTHONY ASARO et al., Appellants, v CITY OF NEW YORK, Respondent.—Order, Supreme Court, New York County (Juanita Bing Newton, J.), entered July 20, 1989, which denied plaintiffs' motion for leave to file a late notice of claim, and order of same court and Justice, entered February 9, 1990, which denied plaintiffs' motion for renewal and reargument, unanimously affirmed, without costs or disbursements.

On February 1, 1988, plaintiff Anthony Asaro, a New York City police officer, was a passenger in an unmarked patrol car which struck the rear of another vehicle that had been stopped at a traffic signal. As a result of the accident, plaintiff allegedly sustained injuries to his lower back, neck, left knee and left foot.

On April 21, 1989, approximately 14 months after the accident, plaintiff and his wife served a notice of claim upon the Comptroller of the City of New York, and moved for permission to file a late notice of claim. On the same date they commenced an action against the city. This was almost 12 months after the 90-day time limit to file a notice of claim set forth in General Municipal Law § 50-e (1) (a), but was 11 days before the expiration of the one-year-and-90-day period within which a tort action against the city must be commenced and an application to file a late notice of claim must be made (see, General Municipal Law § 50-i [1]; § 50-e [5]). In support of the motion, plaintiff asserted that he initially had no reason to believe that his injury was serious, but that on March 31, 1989 he underwent an MRI exam which revealed a herniated disc. The IAS court denied the motion, concluding that plaintiffs had failed to demonstrate a reasonable excuse for the delay in filing a notice of claim and that the failure of timely notice prejudiced the defendant by denying it the opportunity to determine the nature of the alleged injury.

Within one month of the entry of this order, plaintiffs moved for renewal and reargument, arguing that their delay in seeking relief was due to plaintiff's reliance on the Police Department's orthopedic district surgeon, who had minimized

the seriousness of plaintiff's injuries and had failed to authorize an MRI scan recommended by his private physician. Citing the same reasons relied on in the earlier motion, the court also denied this motion.

Although we disagree with the IAS court's conclusion that plaintiffs failed to demonstrate a reasonable excuse for their failure to serve a timely notice of claim, we nevertheless affirm. While we are sympathetic to plaintiffs' plight and find their delay in seeking relief reasonable in view of the police surgeon's assurance to plaintiff that his "problems [would] heal only with time" and his refusal to authorize the MRI scan which a private orthopedic surgeon had recommended, we are without discretion to grant the requested relief. An application pursuant to General Municipal Law § 50-e to file a late notice of claim may not be made more than one year and 90 days after the cause of action accrued unless the statute has been tolled. *(Pierson v City of New York,* 56 NY2d 950, 954.) While the original motion for late filing relief, which failed to set forth the appropriate grounds therefor, was made within the statutory time limit, the motion for renewal, which did, was not. "If the original motion is one which must be made within a certain statutory period, the renewed motion must likewise be made within such period, unless the order allowing the renewal specifically extends such time." (2 Carmody-Wait 2d, NY Prac § 8:79, at 98-99.) The untimely motion for renewal cannot be deemed to relate back to the prior motion. *(See, Guastamacchia v New York City Dept. of Transp.,* 162 AD2d 557; *Thomas v City of New York,* 102 AD2d 867.) Concur—Sullivan, J. P., Carro, Milonas, Smith and Rubin, JJ.