■ In the Matter of MARITZA DOMINGUEZ, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Respondents.—Order, Supreme Court, Bronx County (Howard R. Silver, J.), entered on April 6, 1990, which, to the extent appealed from, denied petitioner's motion for leave to renew and reargue her application for leave to file a late notice of claim, unanimously affirmed, without costs.

Petitioner claims that the Bronx Municipal Hospital Center Clinic of respondent New York City Health and Hospitals Corporation was negligent in failing to hospitalize and properly treat her when she went there on June 8, 1988 complaining of severe menstrual cramps, heavy bleeding, severe headaches and numbness of the right leg and arm. Petitioner further asserts that on June 10, 1988, she was diagnosed as having suffered a stroke by doctors at North Central Bronx Hospital, where she remained until June 18, 1988.

By application dated May 25, 1989 and returnable June 26,

1989, petitioner moved pursuant to General Municipal Law § 50-e (5) for an order granting her leave to serve a late notice of claim on respondent. The parties agreed to adjourn the return date of this application to September 1, 1989, at which time it was denied because of petitioner's failure to appear for oral argument. This decision was entered on September 13, 1989 and served on petitioner's attorney with notice of entry on October 23, 1989. By order to show cause dated October 18, 1989, petitioner moved to renew and reargue her application for leave to serve a late notice of claim, which motion was denied on the ground that the one year and 90 days Statute of Limitations (General Municipal Law § 50-i [1]) had expired on September 6, 1989 before the motion was made on October 18, 1989. IAS rejected petitioner's arguments that the statute was tolled for the period of time that the prior motion was pending from May 25, 1989 to September 1, 1989, and that the subsequent motion relates back to the earlier motion.

The untimeliness of petitioner's motion to renew left IAS without power to grant the requested relief. The toll applied in *Giblin v Nassau County Med. Center* (61 NY2d 67) is inapplicable where, as here, a timely motion to serve a late notice of claim has been denied *(Matter of Rieara v City of N. Y. Dept. of Parks & Recreation,* 156 AD2d 206). Petitioner's untimeliness was not excused by the fact that the motion to renew was made before respondent served the September 1 order with notice of entry. Since the September 1 order became effective when it was filed on September 13 petitioner's motion to renew cannot, as she argues, be considered a continuing application in a pending case. Nor does an untimely renewal motion relate back to the date when an originally timely motion was made *(Matter of Asaro v City of New York,* 167 AD2d 130). Petitioner's argument that IAS had the discretion to construe her renewal motion as one to vacate her default of September 1, 1989, and thereby to restore the application to its status prior to that date, must also be rejected. Petitioner's remedy for this type of default was to make the motion again within the statutory time period *(cf.,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2216:3, at 114 [1974]). Finally, petitioner's argument that there should be a toll for the 67-day adjournment between June 26 and September 1, 1989, the adjournment having been requested by respondent, is unsupported by authority.

In any event, even if it assumed that the Statute of Limitations does not bar the requested relief, petitioner's application

to serve a late notice of claim lacks merit. First, we reject petitioner's argument that respondent's access to hospital records pertaining to petitioner's treatment demonstrates that respondent acquired actual knowledge of petitioner's claim within 90 days *(see, Thompson v New York City Health & Hosps. Corp.,* 172 AD2d 433). Second, petitioner's proof regarding her physical and mental incapacity does not convincingly demonstrate that she did not have the ability or capacity to file a notice of claim until almost a year after her claim accrued *(see, Matter of Mandia v County of Westchester,* 162 AD2d 217, 218). Concur—Carro, J. P., Rosenberger, Wallach, Ross and Asch, JJ.