■ In the Matter of DETRICE ADAMS, Appellant, v CITY OF NEW YORK, Respondent.—In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated May 23,

1990, as, upon renewal (erroneously designated as reargument), adhered to the original determination denying the petition.

Ordered that the order is affirmed insofar as appealed from, with costs.

The petitioner's motion for renewal of her application for leave to serve a late notice of claim was not made until after the expiration of the applicable Statute of Limitations. Consequently, it was untimely as a matter of law and the Supreme Court had no authority to exercise its discretion to grant the motion (see, General Municipal Law § 50-e [5]; *Pierson v City of New York*, 56 NY2d 950; *Myrick v County of Suffolk*, 139 AD2d 633; *Siahaan v City of New York*, 123 AD2d 620). We note in this regard that the motion was one to renew rather than to reargue, and it did not relate back to the date of the initial application (see, *Guastamacchia v New York City Dept. of Transp.*, 162 AD2d 587; *Matter of Rieara v City of New York Dept. of Parks & Recreation*, 156 AD2d 206; *Matter of Lopez v City of New York*, 123 AD2d 765; *Thomas v City of New York*, 102 AD2d 867).

In any event, given the lack of adequate proof that the delay was caused by the petitioner's physical condition and that the respondent would not be prejudiced by the late service, we conclude that the Supreme Court did not improvidently exercise its discretion in denying the petition (see, e.g., *Matter of Perry v City of New York*, 133 AD2d 692; *Carroll v City of New York*, 130 AD2d 702). Thompson, J. P., Sullivan, Harwood and O'Brien, JJ., concur.