■ JUAN M. MATEO, Appellant, v CITY OF NEW YORK, Respondent. [664 NYS2d 449] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered November 22, 1995, which denied plaintiff's motion to file a late notice of claim, and order, same court and Justice, entered September 23, 1996, which granted plaintiff's motion to renew and reargue the prior order and thereupon adhered thereto, unanimously affirmed, without costs.

Plaintiff seeks recovery for injuries suffered when the automobile he was driving, which was traveling the wrong way on 39th Street in Manhattan, was involved in a collision with a bus traveling northbound on 10th Avenue.

Plaintiff failed to provide an adequate excuse for the delay in moving for permission to file a notice of claim some seven months after the date of the accident on which the claim is based. Neither the police report prepared in connection with plaintiff's accident nor the published news reports regarding another accident that took place at or near the same location five months after plaintiff's accident made any mention of the signs or traffic lights at the intersection of 11th Avenue and 39th Street. Those reports could not possibly have served as notice that plaintiff would eventually claim that there was a casual connection between the allegedly negligent placement of those lights and signs and his injuries sustained in the accident at 39th Street and 10th Avenue.

In reference to plaintiff's motion to renew, since plaintiff's initial application for permission to file a late notice of claim was denied without leave to renew, the Statute of Limitations toll that runs from the time a plaintiff seeks leave to serve a late notice of claim until the order granting that relief goes into effect (see, Giblin v Nassau County Med. Ctr., 61 NY2d 67) was inapplicable to extend his time to move to renew (see, Matter of Dominguez v New York City Health & Hosps. Corp., 178 AD2d 186). Nor does the motion to renew relate back to the original motion for Statute of Limitations purposes (supra; Matter of Asaro v City of New York, 167 AD2d 130, lv dismissed and denied 77 NY2d 956; Matter of Rieara v City of N. Y. Dept. of Parks & Recreation, 156 AD2d 206, 207). The application was, therefore, untimely. To the extent that plaintiff's motion was for reargument, we find that the court properly adhered to its initial determination. Concur—Sullivan, J. P., Ellerin, Williams, Tom and Colabella, JJ.