In the Matter of FREDERICK PREVETE, Appellant, v CITY OF NEW YORK, Respondent. [707 NYS2d 192] —In a proceeding for leave to amend a notice of claim, the petitioner appeals from (1) an order of the Supreme Court, Queens County (Polizzi, J.), dated March 13, 1998, which denied the application, and (2) an order of the same court, dated July 22, 1998, which, upon

granting the plaintiff's motion, in effect, for renewal, adhered to its original determination.

Ordered that the appeal from the order dated March 13, 1998, is dismissed, as that order was superseded by the order dated July 22, 1998, made upon renewal; and it is further,

Ordered that the order dated July 22, 1998, is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

On March 9, 1997, the petitioner allegedly tripped and fell on a defect in a sidewalk on Roosevelt Avenue in Queens. On May 7, 1997, the petitioner filed a notice of claim which did not comply with the requirements of General Municipal Law § 50-e (2) because it did not correctly describe the location of the accident. On June 25, 1997, an investigator from the Office of the Comptroller examined and photographed the incorrect site. The defendant did not learn of the correct location of the accident site until 10 months after the accident, when the petitioner testified at a hearing pursuant to General Municipal Law § 50-h. The petitioner then commenced this proceeding for leave to amend his notice of claim.

Leave to amend was properly denied since the defendant City would be prejudiced as it was unable to conduct a proper investigation while the facts surrounding the incident were still fresh (*see, D'Alessandro v New York City Tr. Auth.,* 83 NY2d 891; *O'Brien v City of Syracuse,* 54 NY2d 353, 358; *Zapata v City of New York,* 225 AD2d 543; *Ortiz v New York City Hous. Auth.,* 201 AD2d 547; *Krug v City of New York,* 147 AD2d 449, 450). O'Brien, J. P., Altman, Friedmann, McGinity and Smith, JJ., concur.