■ LEONARD SIEGEL et al., Appellants, v CITY OF NEW YORK et al., Respondents. [738 NYS2d 80] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), dated January 4, 2001, as denied their motion for leave to amend the respective notices of claim against the defendant City of New York and the defendants New York City Transit Authority and Manhattan & Bronx Surface Transit Operating Authority, the complaint, and the bill of particulars, and granted that branch of the cross motion of the defendant City of New York which was to dismiss the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The Supreme Court properly denied the plaintiffs' motion for leave to amend the respective notices of claim against the defendant City of New York and the defendants New York City Transit Authority and Manhattan & Bronx Surface Transit Operating Authority, the complaint, and the bill of particulars, to correct the description of the accident site. The defendants conducted their respective investigations of the claim based on the erroneous description of the accident site contained in the notices of claim, which was repeated in the complaint and the bill of particulars. Furthermore, the plaintiffs did not seek leave to amend until over two years after the accident. Under

the circumstances, leave to amend was properly denied since the defendants did not have an opportunity to conduct a proper investigation while the facts surrounding the accident were still fresh (*see, Williams v City of White Plains,* 288 AD2d 307; *Lopez v City of New York,* 287 AD2d 694; *Matter of Prevete v City of New York,* 272 AD2d 333; *Patellaro v City of New York,* 253 AD2d 456).

The plaintiffs' remaining contentions are without merit. Altman, J.P., Smith, Krausman, McGinity and Cozier, JJ., concur.