In the Matter of Roy Edwards, Respondent, v City of New York, Appellant. [767 NYS2d 608]—

Order and judgment (one paper), Supreme Court, New York County (Michael Stallman, J.), entered April 16, 2003, granting petitioner's application to serve a late notice of claim, unanimously affirmed, without costs.

The record shows that within 90 days of September 11, 2001, the City acquired actual knowledge of the essential facts constituting petitioner sanitation worker's claim that he sustained injury because the City did not provide him with gear needed to protect against toxic substances stemming from the immediate aftermath of the World Trade Center collapse. In particular, we note the memorandum dated December 10, 2001 that the Department of Sanitation distributed to the medical files of its employees who were assigned to the area of the World Trade Center on or after September 11, stating that "[a]s a result of such work assignment . . . the employee may have been exposed to asbestos." Nor does the City show prejudice as a result of the delay in serving a notice of claim. It is not credible that the Department of Sanitation lacks records of its employees' work assignments and its provision of protective equipment. Under the circumstances, including accepted notices of claim from persons similarly situated to petitioner, the court properly granted the motion to file a late notice of claim (*see Weiss v City of New York*, 237 AD2d 212, 213 [1997]). We have considered and rejected the City's other arguments. Concur— Buckley, P.J., Saxe, Ellerin, Marlow and Gonzalez, JJ.