■ In the Matter of JON McGILLICK et al., Respondents, v CITY OF NEW YORK, Appellant. [786 NYS2d 476]—

Judgment, Supreme Court, New York County (Michael D. Stallman, J.), entered August 6, 2003, granting leave to file a late notice of claim, unanimously affirmed, without costs.

Petitioner claims that from September 13 to September 27, 2001, he was assigned by his employer, a private contractor, to the site of the World Trade Center; that respondent City owed him a duty to provide him with protective gear against toxic substances at the site; and that the City's failure to do so caused him to suffer a respiratory injury. Petitioner admits that he began experiencing breathing problems almost immediately, but that it was not until August 10, 2002, some 11 months after his alleged exposure, that his injury was diagnosed. The instant proceeding was commenced on or about September 30, 2002. Assuming in the City's favor, as the IAS court did, that the claim accrued on September 13, 2001, the nine-month delay in serving a notice of claim was properly excused (General Municipal Law § 50-e [5]). As the IAS court stated, petitioner should not be penalized for waiting to see if his symptoms, which resembled a cold or flu, would resolve: "To hold otherwise would encourage preemptive filing of notices of claim by claimants who have no good-faith bases for believing that they were actually injured." We have considered the City's other arguments, including that petitioner has failed to show that the delay has not prejudiced its ability to investigate his claim, and find them unavailing (*see Matter of Edwards v City of New York*, 2 AD3d 110 [2003]). Concur—Williams, J.P., Marlow, Gonzalez, Sweeny and Catterson, JJ.