*493 OPINION OF THE COURT
Michael D. Stallman, J.
In this special proceeding, petitioner seeks leave to serve a late notice of claim, pursuant to General Municipal Law § 50-e (5). Petitioner, a New York City firefighter, asserts that he was injured because of exposure to toxic substances in the course of his work at the World Trade Center site on September 11, 2001. Petitioner claims, inter alia, that the City did not provide a mask or proper respiration equipment. This application was brought on December 9, 2002.* Thus, the papers on this application appear to indicate that it was made within the one-year and 90 days’ limitation period.
It is well settled that when considering an application for leave to file a late notice of claim, the court should consider a number of factors, including: (1) the reasonableness of the excuse offered by the claimant for the delay in filing the notice of claim; (2) whether the municipality obtained actual knowledge of the essential facts constituting the claim within the 90-day as-of-right filing period or within a reasonable time thereafter; and (3) whether the municipality was prejudiced because the claimant did not file during the as-of-right period. (See, generally, General Municipal Law § 50-e [5].)
The slow manifestation of various symptoms and the diagnosis of various conditions among workers at and around the World Trade Center site has been widely reported in the media. The term “World Trade Center cough” quickly entered the language as referring to a recurrent cough, characteristic among site workers, that sometimes did not resolve, and was followed later in many cases by a diagnosis of a respiratory condition. Petitioner apparently did not learn the severity of his injuries until several months after September 11, 2001 when he was examined by a physician. Significantly it appears that petitioner did not run to file a notice of claim the first day he experienced respiratory symptoms; he should not be penalized for not rushing to sue before having a good-faith basis to claim injury.
Indeed, no one single factor is determinative. (See Rechenberger v Nassau County Med. Ctr., 112 AD2d 150 [1985]; Matter of Morris v County of Suffolk, 88 AD2d 956 [1982], affd 58 NY2d 767 [1982].) For example, the absence of a reasonable excuse for *494 the delay is not necessarily fatal, where respondent had actual notice of the essential facts constituting the claim and suffered no prejudice from the lateness of the notice. (See Matter of Ansong v City of New York, 308 AD2d 333 [2003]; Weiss v City of New York, 237 AD2d 212 [1997].)
Accordingly, petitioner has set forth a reasonable excuse for the delay in filing the notice of claim.
As for the City’s knowledge of the facts constituting petitioner’s claim, it is not reasonable to assert, under the unprecedented circumstances of the destruction of the World Trade Center and the clearing of the site thereafter, the allegations of toxic substances in the smoke and debris, and the remarkably similar health claims of many workers involved in the rescue, clearance and transportation work related to the site and its debris, that the City did not have notice of the nature and substance of this claim. The investigation of environmental concerns by various levels of government, and the intense media attention and public discussion of these subjects of common concern bely the City’s contention that it was surprised by petitioner’s notice of claim and that it did not obtain actual knowledge of the nature of petitioner’s claims respecting the City’s alleged acts and omissions. (See, Matter of Annis v New York City Tr. Auth., 108 AD2d 643 [1st Dept 1985] [coverage of a train wreck by the media, and subsequent investigation by the Transit Authority, grounds to permit service of late notice of claim relating to injuries received in the disaster].)
Petitioner’s claim involves something other than an ephemeral or transitory condition that the City could not have investigated until it received this application. Since the fall of 2001, it has been reported that government agencies at all levels have investigated working conditions, air quality and the composition of the World Trade Center debris and the smoke and fumes emanating from the site.
The court is not determining here that there was a hazardous condition at the site, or that the City knew that a hazardous condition existed at the site. However, it is undisputed that the City monitored the site. The continued ability to investigate and analyze the environmental data and the particular circumstances surrounding the World Trade Center cleanup means that the City will have an opportunity to objectively test claimant’s allegations and prepare a defense. Unlike many alleged conditions that are not objectively verifiable or that have disappeared over time because of a claim’s delay, the City will *495 be able to verify, inter alia, what substances were present and what equipment it issued to whom at the site (see, e.g., Chechelnitskaya v City of New York, 293 AD2d 700 [2d Dept 2002]).
All these matters require substantial factual exploration. Nevertheless, based on the showing made by petitioner here, petitioner has set forth a sufficient showing of actual notice as envisioned under General Municipal Law § 50-e (5).
Petitioner’s delay in bringing this application did not prejudice the City. It neither prevented nor hampered any attempt that the City could have made to investigate the substance of petitioner’s claim. Unlike many late notice of claim applications, the delay here had no effect on the City’s capacity to investigate, defend or correct an allegedly hazardous condition, or to objectively verify or refute a claimed ephemeral or transitory condition.
Notice of claim provisions were never intended to require substantive proof of every element of a claim, including statute of limitations issues not yet formally raised.
Suffice to say, the papers before the court provide ample basis for concluding that the City had, within its control, within a reasonable period of time after the occurrence, information that placed it on notice, or should have placed it on notice, of the nature and substance of petitioner’s claims, both of the City’s alleged acts and omissions, and of the health complaints of petitioner, whose recurrent cough and other symptoms were well documented and apparently within the City’s knowledge. Under the unusual circumstances of these cases, this court cannot say that the City did not obtain sufficient knowledge to have been placed on notice of petitioner’s claims within the reasonable time envisioned by the statute. Moreover, the City’s right to conduct comptroller’s examinations under General Municipal Law § 50-h, an essential part of the statutory scheme, assures that the City will be given an opportunity to explore all of those issues thoroughly even prior to commencement of an action.
All these issues require disclosure that, as a practical matter, can take place only in the inchoate action for which this proceeding is a precondition. The court cannot finally determine hereu whether petitioner has a viable cause of action against the City; neither can it hold that petitioner is incapable of stating a cause of action. Short of holding a trial at this point, prefaced by full disclosure, there is no practical way to thoroughly and fairly resolve those issues in this special proceeding.
*496 A court must use common sense and logic in applying its discretion as part of the statutory analysis. The standard used to decide a motion for summary judgment under CPLR 3212 is not the standard for deciding whether to grant leave to file a late notice of claim under General Municipal Law § 50-e (5). The standard applicable here does not require the claimant to demonstrate ultimate entitlement to judgment; neither does the existence of factual questions respecting exposure, negligence, causation, contributory conduct or injury prevent the relief sought here: ability to serve a document that would permit claimant to sue the City.
Accordingly, it is ordered and adjudged that the motion is granted and the notice of claim is deemed timely filed and served in the form annexed to the moving papers.
This court is mailing a copy of this decision, order and judgment to petitioner at his last known address as provided by outgoing counsel in accordance with the affidavit of service of the notice of entry of this court’s decision and order dated August 25, 2005 relieving counsel as attorney of record.

 This application, and several others, has been repeatedly adjourned on consent. Petitioner’s attorneys’ application to withdraw as counsel was recently granted.