■ In the Matter of FRANK GOFFREDO, Appellant, v CITY OF NEW YORK, Respondent. [— NYS2d —]—

Order and judgment (one paper), Supreme Court, New York County (Michael D. Stallman, J.), entered October 15, 2004, which denied petitioner's application to serve a late notice of claim and dismissed the proceeding, affirmed, without costs.

Petitioner seeks to serve a late notice of claim, asserting that he sustained personal injuries as a result of exposure to toxic substances between September 12, 2001 and June 2002 while working at the World Trade Center site. According to petitioner's medical records, symptoms related to the condition with which he was ultimately diagnosed—chronic obstructive pulmonary disease (COPD)—began to manifest themselves in December 2001. The diagnosis of COPD was ultimately rendered on February 27, 2003.

Petitioner initially sought leave to serve a late notice of claim on or about December 23, 2003. However, by an order dated May 28, 2004, Supreme Court, despite the absence of an objection by respondent that petitioner's affidavit in support was not notarized, denied the application based on that technical defect "without prejudice to a new motion." Notably, if the accrual date is viewed as the date of the diagnosis of petitioner's condition (i.e., COPD)—the view adopted by the dissent—the statute of limitations expired the day before the initial petition was

denied. A motion to renew upon proper papers was promptly made on or about June 15. Ultimately, however, Supreme Court denied this motion as well, this time on the ground that leave was sought after the one-year-and-90-day statute of limitations had expired.

Supreme Court's denial of petitioner's initial application on the ground that the affidavit in support was not notarized was erroneous given the absence of an objection to the technical, nonjurisdictional defect. Supreme Court either should have dealt with the issue in a manner that would not have required denial with leave to renew or simply ignored the "defect" (*see* CPLR 2001; *Supreme Automotive Mfg. Corp. v Continental Cas. Co.,* 97 AD2d 700 [1983]). Nevertheless, the governing statutes and the relevant case law dictate that we affirm the denial of the renewed application.

General Municipal Law § 50-e (5) provides, in relevant part, that: "Upon application, the court, in its discretion, may extend the time to serve a notice of claim . . . . The extension shall not exceed the time limited for the commencement of an action by the claimant against the public corporation [i.e., one year and 90 days]." Thus, once the statute of limitations has expired, the court is without discretion to entertain an application for leave to file a late notice of claim (*see Pierson v City of New York,* 56 NY2d 950, 954-955 [1982]).

Where, as here, the claimed injury results from exposure to a harmful substance, the action accrues upon "discovery of the manifestations or symptoms of the latent disease that the harmful substance produced" (*Matter of New York County DES Litig.,* 89 NY2d 506, 514 [1997]; *see Krogmann v Glens Falls City School Dist.,* 231 AD2d 76 [1997], *lv dismissed* 91 NY2d 848 [1997]). The diagnosis of petitioner's illness occurred on February 27, 2003. However, petitioner's medical records demonstrate that the symptoms manifested themselves on or about December 19, 2001. Since petitioner commenced the initial proceeding on or about December 23, 2003, approximately two years after his claim accrued, his initial petition was untimely and subject to dismissal.[1]

The dissent's reliance on CPLR 2219 is inapposite for two reasons. First, as Professor Siegel has noted: "The periods stip-

---

1. *Matter of Porcaro v City of New York* (20 AD3d 357 [2005]), cited by the dissent, is not to the contrary. In *Porcaro,* we noted that the "petitioner filed his notice of claim within the statutory discretionary period as that period did not begin to run until . . . diagnosis" (*id.* at 358). That finding was based on the particular facts in *Porcaro,* and it neither purported to nor could have overruled the principle stated in *Matter of New York County DES Litig.*

ulated in CPLR 2219 (a) are not rigid jurisdictional limitations. They are more precatory than anything else, so that a decision rendered after the expiration of the allotted time is still a valid one. And a party who waits for such a late decision and then finds it adverse is estopped from contesting its lateness" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2219:2, at 155; *see* 175 Siegel's Practice Review, *Rule Requiring Reminder Letter to Judge is Rescinded*, at 1 [July 2006] ["CPLR (2219 [a]) requires that a motion be decided within 60 days after its submission . . . . But the requirement does not affect jurisdiction. The time allowed for decision has been consistently held to be precatory, not mandatory"]). Second, the "contravention" of CPLR 2219 by Supreme Court did not, contrary to the dissent, "cause[ ]" petitioner's "current legal predicament." In our view, the initial application was brought after the statute of limitations had expired and thus was untimely.

Even assuming that petitioner's initial application to file a late notice of claim was timely, the renewed application was not. Once Supreme Court denied the initial application, petitioner's remedy was to appeal from that order. That course of action would have preserved the timely application (*see Giblin v Nassau County Med. Ctr.*, 61 NY2d 67 [1984]). Petitioner's decision to renew the application rather than appeal cannot easily be criticized in light of Supreme Court's denial without prejudice to renew. The more prudent course, however, would have been both to appeal and renew the application. In any event, our sympathy for the position petitioner was placed in by Supreme Court does not provide a basis for concluding that the renewed application should have been granted.

An untimely renewal motion does not relate back to the date when the originally timely motion was made (*Matter of Dominguez v New York City Health & Hosps. Corp.*, 178 AD2d 186 [1991]; *Matter of Asaro v City of New York*, 167 AD2d 130 [1990], *lv dismissed in part and denied in part* 77 NY2d 956 [1991]). As we have noted, acceptance of the "relat[ion-]back" doctrine in this regard is inappropriate because "the [s]tatute of [l]imitations would have no practical effect for it would impose no time constraint on seeking renewal" (*Matter of Rieara v City of N.Y. Dept. of Parks & Recreation*, 156 AD2d 206, 207 [1989]). The dissent does not and cannot distinguish *Dominguez, Asaro* and *Rieara.*

To the extent *Matter of Mazzilli v City of New York* (115 AD2d 604 [2d Dept 1985]), cited by the dissent, is to the contrary, we decline to follow it. While this decision appears to support the

dissent's position that a motion to renew may relate back to the initial motion, it is not binding on us and conflicts with our own precedent. No other court has followed *Mazzilli* in this regard and the Second Department has subsequently held to the contrary (*see Zimmerman v City of New York*, 161 AD2d 591 [1990], *lv denied* 76 NY2d 707 [1990]; *see also Matter of Adams v City of New York*, 180 AD2d 629, 630 [1992], citing *Rieara, supra*; *Matter of Lopez v City of New York*, 123 AD2d 765 [1986]).[2]

We have acknowledged that "[i]f the original motion is one which must be made within a certain statutory period, the renewed motion must likewise be made within such period, unless the order allowing the renewal *specifically extends such time*" (*Asaro v City of New York*, 167 AD2d at 131 [emphasis added; internal quotation marks and citation omitted]). This principle, however, accords no benefit to petitioner. Supreme Court's order denying the initial application merely stated that denial was "without prejudice to a new motion"; the order did not specifically extend petitioner's time to make a renewed application.[3]

Indulging the assumption that petitioner's renewed application was not time-barred—an assumption which rests upon the theory that the cause of action did not accrue until February 27, 2003 (the date of diagnosis) and that the renewed motion related back to the initial motion—it nonetheless was properly denied. General Municipal Law § 50-e (5) requires a court to consider whether, among other things: (1) the movant has demonstrated a reasonable excuse for failing to serve a timely notice of claim, (2) the municipality acquired actual knowledge of the facts constituting the claim within 90 days from its accrual or a reasonable time thereafter, and (3) the delay would substantially prejudice the municipality in maintaining its defense on the merits (*see e.g. Matter of Ramirez v County of Nassau*, 13 AD3d 456, 457 [2004]). Here, respondent did not have actual knowledge of the essential facts constituting petitioner's claim within

---

**2.** Curiously, the Court in *Mazzilli* (at 605) cited *Thomas v City of New York* (102 AD2d 867, 867 [2d Dept 1984]), which held that a renewed motion, made after the motion court denied the original motion "with leave to renew upon proper papers," did not relate back to the original motion. *Thomas* was cited in *Zimmerman, Adams* and *Lopez*.

**3.** Contrary to the suggestion of the dissent, there is a substantial difference between merely reciting that the denial of a motion is without prejudice to a renewed motion and expressly granting permission to make a renewed motion accompanied by a specific extension of the time within which to do so. Under the former circumstance, the statute of limitations would be suspended indefinitely (*see Rieara*, 156 AD2d at 207); under the latter, the movant would be constrained to seek renewal within a defined period of time.

the statutorily prescribed period or a reasonable time thereafter (*see Washington v City of New York*, 72 NY2d 881, 883 [1988]; *Matter of Henriques v City of New York*, 22 AD3d 847, 848 [2005]). Additionally, respondent, which was deprived of the opportunity to investigate timely and effectively the particular facts constituting petitioner's claim, was prejudiced by petitioner's delay in seeking to serve a notice of claim (*see Matter of Prevete v City of New York*, 272 AD2d 333, 334 [2000]; *Ortiz v New York City Hous. Auth.*, 201 AD2d 547, 548 [1994]; *cf. Matter of Edwards v City of New York*, 2 AD3d 110, 111 [2003] [no prejudice to New York City Department of Sanitation as a result of employee's delay in seeking leave to serve a late notice of claim where, in December 2001, it "distributed to the medical files of its employees who were assigned to the area of the World Trade Center on or after September 11, (a memorandum) stating that '(a)s a result of such work assignment . . . the employee may have been exposed to asbestos' "]). To be sure, we have found in other cases involving workers injured during the course of the cleanup at the World Trade Center that respondent had actual knowledge of the essential facts of the claims of the petitioners and that respondent was not prejudiced by the particular period of delay in seeking leave to serve late notices of claim. Our conclusion in those cases hardly compels the conclusion that every such petitioner is entitled to leave. Accordingly, the order appealed from should be affirmed. Concur— Williams, Sweeny and McGuire, JJ.

Marlow, J.P., and Nardelli, J., dissent in a memorandum by Marlow, J.P., as follows: I would reverse.

The statutory time in which to file a late notice of claim did not begin to run until the date of petitioner's diagnosis (*see Matter of Porcaro v City of New York*, 20 AD3d 357 [2005]). Thus, petitioner's first application to serve a late notice of claim was timely. The defect in petitioner's papers, to which respondent did not even object, was a minor, technical one, which was easily correctable by a simple phone call to counsel or which the motion court could have overlooked (*see* CPLR 2001; *Borchardt v New York Life Ins. Co.*, 102 AD2d 465, 467 [1984], *affd* 63 NY2d 1000 [1984]; *City of New York v Brown*, 119 Misc 2d 1054 [1982]).

The court did not overlook the defect or invite a correction while the papers were sub judice, but instead denied petitioner's application "without prejudice to a new motion." We emphasize that the court rendered its simple two-sentence decision more than three months after the motion had been fully submitted and one day after the statute of limitations had expired. Even

though petitioner promptly corrected the defect and submitted new motion papers, the court, despite its specific invitation to petitioner to do so, denied the application, not on the merits, but as untimely.

Petitioner's first application was timely. It was through no fault of his own that the court inexplicably waited over three months—when the statute of limitations, by one day, had expired—to render a two-sentence decision resting solely on a simple, wholly nonsubstantive, procedural matter which the court could have either caused to be corrected or just overlooked (CPLR 2001). Moreover, the court's untimely decision itself violated CPLR 2219 (a) which mandates that all decisions on motions "shall be made within sixty days, after the motion is submitted for decision." The foregoing, coupled with the fact that the court dismissed the first motion without prejudice to making a second motion which could only have been submitted beyond the 15-month limitations period (*see Matter of Asaro v City of New York*, 167 AD2d 130, 131 [1990], *lv dismissed in part and denied in part* 77 NY2d 956 [1991]),[1] compels consideration of the second motion on the merits (*see Matter of Mazzilli v City of New York*, 115 AD2d 604 [2d Dept 1985]). To the extent *Matter of Rieara v City of N.Y. Dept. of Parks & Recreation* (156 AD2d 206 [1989]) holds otherwise, it should, at least, be deemed inapplicable in this peculiar procedural scenario.[2]

Courts should neither cause nor tolerate such treatment of any litigant, especially one like this plaintiff who simply seeks his day in court to present a claim that he contracted a serious and not easily discernable medical condition in the course of risking his life and health in the aftermath of September 11, 2001. I find it especially egregious to deprive this petitioner of his day in court when his current legal predicament was, to a significant degree, caused by the court's own contravention of CPLR 2219 (a). While I of course agree with the majority that the statute's 60-day rule is not jurisdictional, it is nevertheless a legislative expression of important state policy. Consequently, under these very particular and peculiar circumstances, petitioner should not be denied his day in court.

The majority maintains that it is of no consequence whether the second application was timely because the first application

---

**1.** I perceive little, if any, difference between the express permission the court granted this petitioner to make a new motion and the language in *Asaro* which allows renewal if the court "specifically extends such time."

**2.** There is no indication in *Matter of Dominguez v New York City Health & Hosps. Corp.* (178 AD2d 186 [1991]), on which the majority relies, that the court denied the original motion without prejudice or with leave to renew.

should have been denied on the merits. However, the instant facts and our own precedent dictate otherwise. Indeed, in similar cases alleging that the respondent failed to provide protective gear or warn of hazardous conditions in the aftermath of the World Trade Center disaster, we have rejected respondent's argument that it was prejudiced by the delay in seeking leave to file a late notice of claim (*see Porcaro*, 20 AD3d at 359; *Matter of McGillick v City of New York*, 13 AD3d 195 [2004]; *Matter of Edwards v City of New York*, 2 AD3d 110 [2003]). In addition, we have found that the City had notice of the essential facts surrounding such a claim within 90 days of September 11, 2001 (*see Porcaro*; *Edwards*). Finally, even where the delay was found to have been unreasonable, we nevertheless have permitted, under similar circumstances, a petitioner to file a late notice of claim (*see Porcaro* at 358).

Accordingly, I would find that the second motion was timely made and grant petitioner's application to serve a late notice of claim.