OPINION OF THE COURT
Michael D. Stallman, J.
This 9/11-related application for leave to serve a late notice of claim on respondent City of New York raises significant questions of subject matter jurisdiction, statute of limitations and commencement by filing.
Background
Petitioner alleges that he was exposed to toxic substances during rescue/recovery, construction, and demolition operations at Ground Zero, following the terrorist attacks on the World Trade Center on September 11, 2001.
By enacting the Air Transportation Safety and System Stabilization Act of 2001 (ATSSSA), Congress created a federal cause of action for 9/11-related claims of toxic exposure as an exclusive remedy, and vested the federal District Court in the Southern District of New York with exclusive jurisdiction over these exposure claims. (Pub L 107-42, 115 US Stat 230 [reprinted following 49 USC § 40101].) In In re WTC Disaster Site (414 F3d 352 [2d Cir 2005]), the United States Court of Appeals for the Second Circuit held that the ATSSSA preempted state law remedies for respiratory injuries resulting from exposure to toxic substances from Ground Zero.
Petitioner purchased an index number and filed an unsigned proposed order to show cause with an affirmation and exhibits on February 25, 2005, more than one year and 90 days after his claims had allegedly accrued, on November 26, 2003.[1] The order to show cause was promptly signed after being received in the *177 courtroom, but of course was signed more than one year and 90 days past the relevant accrual date.[2]
The City opposes the petition, asserting that the application was not brought within one year and 90 days after petitioner’s claims had accrued. The City’s argument requires consideration of whether the state court has subject matter jurisdiction to determine the timeliness of petitioner’s claims in the context of an application for leave to serve a late notice of claim, when exclusive subject matter jurisdiction over the claims themselves is vested exclusively in the federal court.
I.
General Municipal Law § 50-e requires service of a notice of claim upon the municipality as a condition precedent to suit. (Williams v Nassau County Med. Ctr., 6 NY3d 531, 535 [2006].) The notice must be served within 90 days after the claim arises, but courts have discretion to grant an extension for service of a late notice of claim (see General Municipal Law § 50-e [1], [5]).
“ ‘The key factors which the court must consider in determining if leave should be granted are whether the movant demonstrated a reasonable excuse for the failure to serve the notice of claim within the statutory time frame, whether the municipality acquired actual notice of the essential facts of the claim within 90 days after the claim arose or a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in its defense.’ ” (Powell v City of New York, 32 AD3d 227, 228 [1st Dept 2006] [citation omitted].)
“[T]he presence or absence of any one of the foregoing factors is not determinative . . . and the absence of a reasonable excuse is not, standing alone, fatal to the application.” (Matter of Porcaro v City of New York, 20 AD3d 357, 358 [1st Dept 2005] [citations omitted].)
If a claim against the City is time-barred, a court lacks discretion to grant leave to serve a late notice of claim. (Pierson v City of New York, 56 NY2d 950 [1982].) The Pierson court reasoned that, “[t]o permit a court to grant an extension after the Statute of Limitations has run would, in practical effect, allow the *178 court to grant an extension which exceeds the Statute of Limitations, thus rendering meaningless that portion of section 50-e which expressly prohibits the court from doing so.” (Id. at 955.)
The City argues that the court has no discretion to grant leave here because petitioner’s claims are time-barred under General Municipal Law § 50-i, which provides for a statute of limitations of one year and 90 days for tort actions against a municipality.
It should no longer be assumed that the one-year-and-90-day limitations period of General Municipal Law § 50-i applies to petitioner’s claims. In In re WTC Disaster Site (414 F3d 352, 377, supra), the United States Court of Appeals for the Second Circuit held that section 408 (b) of the ATSSSA is the exclusive remedy for “claims of respiratory injuries by workers in sifting, removing, transporting, or disposing of [World Trade Center] debris.” On its face, section 408 of the ATSSSA does not set forth a specific limitations period for the federal cause of action. Federal law provides that, “[e]xcept as otherwise provided by law, a civil action arising under an Act of Congress enacted after [Dec. 1, 1990] may not be commenced later than 4 years after the cause of action accrues.” (28 USC § 1658 [a]; see Jones v R. R. Donnelley & Sons Co., 541 US 369 [2004].) Thus, in light of WTC Disaster Site, an issue arises as to whether the limitations period should be four years, not one year and 90 days.
Determination of the applicable limitations period is a necessary step in determining whether, under Pierson, this court has discretion to grant leave to serve a late notice of claim. State courts have decided the applicable limitations period of certain federal causes of action that may be brought in state court. (See 423 S. Salina St. v City of Syracuse, 68 NY2d 474, 486-487 [1986] [deciding that three-year statute of limitations, instead of limitations period of one year and 90 days under General Municipal Law § 50-i, applies to action under 42 USC § 1983 asserting improper tax assessments].)
However, section 408 (b) (3) of the ATSSSA presents a question of whether this court has subject matter jurisdiction to decide the applicable limitations period, because this court lacks subject matter jurisdiction over the federal cause of action. “ ‘The question of subject matter jurisdiction is a question of judicial power: whether the court has the power, conferred by the Constitution or statute, to entertain the case before it.’ ” (Ballard v HSBC Bank USA, 6 NY3d 658, 663 [2006], quoting Matter of Fry v Village of Tarrytown, 89 NY2d 714, 718 [1997].) *179 Here, section 408 (b) (3) of the ATSSSA provides that “The United States District Court for the Southern Disti ct of New York shall have original and exclusive jurisdiction over all actions brought for any claim (including any claim L ? loss of property, personal injury, or death) resulting from or relating to the terrorist-related crashes of September 11, 2001.” Thus, by federal law, only the federal District Court has subject matter jurisdiction over ATSSSA claims. The Second Circuit held in WTC Disaster Site that the ATSSSA preempts state law damages remedies (WTC Disaster Site, 414 F3d at 380), over which this court would otherwise have subject matter jurisdiction, as a court of original, unlimited jurisdiction. (See Kagen v Kagen, 21 NY2d 532 [1968].)
“ ‘Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.’ ” (Steel Co. v Citizens for a Better Environment, 523 US 83, 94 [1998], quoting Ex parte McCardle, 7 Wall [74 US] 506, 514 [1868].) Had petitioner commenced a plenary action in state court, and the City had moved to dismiss the action as time-barred, the state court would clearly be constrained under WTC Disaster Site to dismiss the action for lack of subject matter jurisdiction, without reaching the statute of limitations issue.
State law clearly provides that applications to serve late notices of claim must be brought in Supreme Court or County Court.[3] (General Municipal Law § 50-e [7].) However, state law cannot grant subject matter jurisdiction over a federal cause of action. It is not logically consistent that, on an application for leave to serve a late notice of claim, this court would have subject matter jurisdiction to reach the statute of limitations issue, when it lacks such jurisdiction in a plenary action. Hypothetically, had someone sought leave to serve a late notice of claim alleging that the City infringed upon a patent or copyright, the court would not have subject matter jurisdiction to determine whether the infringement claims are time-barred. (See Grafvon Kageneck v Cohen, Pontani, Lieberman & Pavane, 301 AD2d 363, 363 [1st Dept 2003] [“Where resolution of plaintiffs’ allegations of malpractice revolve around analysis *180 and application of patent law, subject matter jurisdiction lies exclusively in the federal courts”].) If the court lacks subject matter jurisdiction over a federal cause of action, then Pierson cannot be read as creating such jurisdiction only for the purpose of determining whether the action is time-barred. “Subject matter jurisdiction cannot be created by the courts themselves, whether erroneously, accidentally or intentionally.” (Priel v Linarello, 7 Misc 3d 64, 67 [App Term, 2d & 11th Jud Dists 2005].)
Strong policy reasons and prudential concerns weigh in favor of deferring to the federal court’s jurisdiction. Reaching the statute of limitations issues would only subvert the Congressional intent of the ATSSSA “to ensure consistency and efficiency in resolving the many expected actions arising from the events of September 11” (WTC Disaster Site, 414 F3d at 378), when Congress designated one federal District Court to preside over the claims, all of which are assigned to one federal judge. A determination of this court might have issue preclusion effect in the plenary actions in federal court, thus undermining the federal court’s exclusive jurisdiction over ATSSSA claims.
Notwithstanding the unique circumstances presented, this court is constrained to follow the recent decision of the Appellate Division, First Department, in Matter of Goffredo v City of New York (33 AD3d 346 [1st Dept 2006]). In Matter of Goffredo, the First Department affirmed this court’s decision denying leave to serve a late notice of claim, because the application was brought more than one year and 90 days after the accrual date of plaintiffs’ claims. Following Pierson, the First Department reasoned that the court no longer has discretion to grant an application for leave to serve a late notice of claim.
In hindsight, this court would have decided Matter of Goffredo differently had this court had the benefit of the Second Circuit’s extensive analysis of the ATSSSA in WTC Disaster Site, which was decided after this court’s decision in Matter of Goffredo. In light of WTC Disaster Site, this court now confronts issues of the applicability and reach of state law in cases covered by the ATSSSA, particularly as concerning the issues of subject matter jurisdiction, the applicable limitations period, and notice of claim — issues which were assumed as settled principles in Matter of Goffredo.
Nevertheless, the application before this court is similar to the application in Matter of Goffredo, in that it was brought more than one year and 90 days after the date that petitioner’s *181 claims had allegedly accrued. Thus, this court feels constrained to deny this application.
Although state law is clear that applications to serve late notices of claim must be brought in Supreme Court or County Court (see General Municipal Law § 50-e [7]), the court notes that the question of whether a notice of claim is required for claims governed by the ATSSSA has never been squarely addressed. The ATSSSA’s preemption of state law remedies and the exclusive jurisdiction of the federal court raise the issue of whether a notice of claim must be served as a condition precedent to lawsuits governed by the ATSSSA. (See Felder v Casey, 487 US 131 [1988] [Wisconsin’s notice of claim statute inapplicable to 42 USC § 1983 litigation]; Summers v County of Monroe, 147 AD2d 949, 950 [4th Dept 1989] [“State notice of claim requirements cannot defeat a substantive Federal right”].)
Should petitioner pursue a plenary action in federal court without a notice of claim, and should the federal District Court determine that no notice of claim is required, there would still remain a question of whether this court’s determination would have any preclusive effect in federal court. If no notice of claim were required, then no application for leave to serve a late notice of claim would be necessary, thus rendering this proceeding, and the City’s objections, academic. For the reasons addressed above, that issue would be appropriately raised in the federal court.
II.
Petitioner’s application is similar to hundreds of other individual applications for leave to serve late notices of claim that this court has previously granted. The City had actual notice of the essential facts constituting petitioners’ claim of exposure to toxic substances; there is no evidence that the City has been prejudiced. (See e.g. Matter of McGillick v City of New York, 13 AD3d 195 [1st Dept 2004]; Matter of Edwards v City of New York, 2 AD3d 110 [1st Dept 2003]; see Stephenson v City of New York, 11 Misc 3d 492, 494 [Sup Ct, NY County 2005]; see also O’Halloran v City of New York, 1 Misc 3d 568 [Sup Ct, NY County 2003].) As this court noted in O’Halloran,
“Given the unprecedented circumstances of the destruction of the World Trade Center and the clearing of the site thereafter; the well-publicized allegations of toxic substances in the smoke and debris (despite well-publicized assurances by the federal *182 government that the air quality met safety standards); the remarkably similar health claims of many workers, both City and private employees, involved in the rescue, clearance and transportation work related to the site and its debris; and the hundreds of other site workers’ claims that the City did not provide them with appropriate respiratory and other protective equipment; it is not reasonable for the City to assert that the City did not have notice of the nature and substance of this claim within a reasonable time after the 90-day as-of-right filing period.
“The investigation of environmental concerns by various levels of government, and the intense media attention and public discussion of the working conditions, air quality and the composition of World Trade Center debris and the smoke and fumes emanating from the debris, bely the City’s contention that it was surprised by petitioner’s notice of claim and that it did not obtain actual knowledge of the nature of petitioner’s claims respecting the City’s alleged acts and omissions.” (O’Halloran v City of New York, 1 Misc 3d 568, 570-571 [2003].)
General Municipal Law § 50-e (5) “should not operate as a device to defeat the rights of persons with legitimate claims.” (Matter of Annis v New York City Tr. Auth., 108 AD2d 643, 644 [1st Dept 1985].) But for the Appellate Division’s decision in Matter of Goffredo (33 AD3d 346, supra), this court would have exercised its discretion to grant petitioner such leave.
However, under Matter of Goffredo, this court is constrained to deny the instant application for leave to serve a late notice of claim. In light of the court’s decision, the court does not address the City’s arguments as to whether the application was properly commenced. (See Matter of Antine v City of New York, 14 Misc 3d 161 [2006] [discussing commencement by filing of proceedings seeking leave to file other 9/11 late notices of claim, decided simultaneously herewith].)
Conclusion
Accordingly, it is hereby adjudged that petitioner’s application for leave to serve a late notice of claim is denied.

. Petitioner contends that his claim accrued on the date of discovery of the injury, citing CPLR 214-c (3). CPLR 214-c (3) provides that, for the purposes of General Municipal Law §§ 50-e and 50-i,
“a claim or action for personal injury . . . caused by the latent effects of exposure to any substance or combination of substances, in any form, upon or within the body . . . shall be deemed to have accrued on the date of discovery of the injury by the plaintiff, or on the date when through the exercise of reasonable diligence the injury should have been discovered, whichever is earlier.”
In opposing this petition, the City seems to assume that CPLR 214-c applies. Therefore, the court assumes, without deciding, that CPLR 214-c applies to petitioner’s claims.

. By administrative order, all 9/11-related Supreme Court personal injury litigation, including applications for leave to serve a late notice of claim, is assigned to this court.
This application was finally submitted on June 9, 2006, along with approximately 250 other post-9/11 applications to serve late notices of claim.

. On October 28, 2004, the City and the law firms representing those alleging toxic exposure while working at Ground Zero agreed in federal court that applications for leave to serve late notices of claim would be brought in state court.