■ In the Matter of NEENA CHAUHAN, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [913 NYS2d 918]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the appeal is from an order of the Supreme Court, Queens County (Lane, J.), dated August 3, 2009, which granted the petition.

Ordered that the order is reversed, on the law, with costs, and the petition is denied.

Although raised for the first time on appeal, the appellants' contention that the petitioner's application was made beyond the one year, 90-day, time limit for the commencement of an action against them raises an issue of law that appears on the face of the record, the determination of which could not have been avoided if raised in the Supreme Court (*see Olim Realty v Lanaj Home Furnishings*, 65 AD3d 1318, 1320 [2009]; *Matter of Besedina v New York City Tr. Auth.*, 47 AD3d 924, 925 [2008]; *Deltoro v Arya*, 305 AD2d 628, 629 [2003]).

Service of a notice of claim within 90 days after accrual of the claim is a condition precedent to commencing an action against the appellants (*see* General Municipal Law § 50-e [1] [a]; § 50-i [1] [a]; Public Authorities Law § 1212 [2]; § 1276 [2]; *Matter of Groves v New York City Tr. Auth.*, 44 AD3d 856 [2007]; *Small v New York City Tr. Auth.*, 14 AD3d 690, 691 [2005]; *Adams v New York City Tr. Auth.*, 140 AD2d 572, 573 [1988]). Here, the petitioner failed to serve a notice of claim upon the appellants within the requisite 90-day statutory period, and failed to make her application for leave to serve a late notice of claim within one year and 90 days of the accrual date of the claim (*see* General Municipal Law § 50-e [5]; *Pierson v City of New York*, 56 NY2d 950, 954 [1982]; *Cohen v Pearl Riv. Union Free School*

*Dist.*, 51 NY2d 256, 262-263 [1980]; *Adam H. v County of Orange*, 66 AD3d 739, 740 [2009]; *Angulo v City of New York*, 48 AD3d 603, 604 [2008]; *Maxwell v City of New York*, 29 AD3d 540, 541 [2006]). Accordingly, the petition for leave to serve a late notice of claim should have been denied. Mastro, J.P., Florio, Dickerson, Belen and Lott, JJ., concur.