In the Matter of AZAKA LUBIN, Appellant, v CITY OF NEW YORK et al., Respondents. [50 NYS3d 405]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals from so much of an order of the Supreme Court, Queens County (Kerrigan, J.), dated December 23, 2014, as denied that branch of his motion which was for leave to renew his petition for leave to serve a late notice of claim, which was denied in an order of the same court dated February 14, 2012.

Ordered that the order dated December 23, 2014, is affirmed insofar as appealed from, with costs.

The petitioner allegedly was injured on May 16, 2011, while he was a passenger in a motor vehicle that was owned and operated by nonparty Danette J. Singh, also known as Danette J. Rivera (hereinafter Singh), when the vehicle struck an open manhole on the southbound Van Wyck Expressway in Queens. By petition filed November 8, 2011, the petitioner sought leave to serve a late notice of claim on the respondents, the City of New York and the New York City Department of Transporta-

tion. The respondents opposed the petition, and the Supreme Court denied the petition by order dated February 14, 2012.

In addition to filing his petition for leave to serve a late notice of claim on the respondents, the petitioner also commenced an action against the City and Singh to recover damages for the personal injuries he allegedly sustained in the accident (hereinafter the companion action). On March 28, 2013, the City moved to dismiss the companion action insofar as asserted against it for failure to comply with General Municipal Law § 50-e. In an order dated April 29, 2013, the Supreme Court granted the City's motion.

By notice of motion dated August 22, 2014, the petitioner moved, inter alia, for leave to renew his petition for leave to serve a late notice of claim on the respondents. He claimed that during a deposition of Singh, held in the companion action on February 21, 2014, he had learned for the first time that Singh had filed a timely notice of claim against the City, and that on September 16, 2011, the City had conducted an examination of Singh at a hearing pursuant to General Municipal Law § 50-h. The respondents opposed the motion. In an order dated December 23, 2014, the Supreme Court denied that branch of the petitioner's motion on the ground that it was not based on new facts not offered on the petition. The petitioner appeals. We affirm, albeit on different grounds than those relied upon by the court.

The respondents contend on appeal that the petitioner's motion for leave to renew the petition was untimely. General Municipal Law § 50-e requires that a notice of claim be served within 90 days after a tort claim arises against a municipality (see General Municipal Law § 50-e [1] [a]; Se Dae Yang v New York City Health & Hosps. Corp., 140 AD3d 1051, 1052 [2016]; Luna v City of New York, 139 AD3d 818 [2016]). While a court may grant an application to extend the time to serve a notice of claim on a public authority, the application may not be made after the expiration of the one-year-and-90-day statute of limitations for commencing an action against a municipality, unless the statute of limitations has been tolled (see General Municipal Law §§ 50-e [5]; 50-i [1]; Pierson v City of New York, 56 NY2d 950, 954 [1982]; Cohen v Pearl Riv. Union Free School Dist., 51 NY2d 256, 262-263 [1980]; Matter of Alvarez v New York City Hous. Auth., 97 AD3d 668 [2012]).

Initially, we note that the respondents' contention that the motion for leave to renew the petition was untimely is raised for the first time on appeal. However, we may reach the issue since it involves a question of law which appears on the face of

the record and which could not have been avoided if raised at the proper juncture (*see Matter of Chauhan v New York City Tr. Auth.*, 78 AD3d 1176, 1176 [2010]).

Here, the accident allegedly occurred on May 16, 2011, so the one-year-and-90-day statute of limitations expired on August 14, 2012. The petitioner's motion for leave to renew the petition was not made until August 22, 2014, more than two years after the statute of limitations expired, and thus was untimely. Contrary to the petitioner's contention, a motion to renew a prior timely petition for leave to serve a late notice of claim, which renewal motion is made after the statute of limitations has expired, is untimely and does not relate back to the original petition (*see Matter of Adams v City of New York*, 180 AD2d 629, 630 [1992]). If the relation-back doctrine were to be applied to such a motion, "the [s]tatute of [l]imitations would have no practical effect for it would impose no time constraint on seeking renewal" (*Matter of Rieara v City of N.Y. Dept. of Parks & Recreation*, 156 AD2d 206, 207 [1989]).

While the statute of limitations was tolled from the time the petition was filed until the entry of the February 14, 2012, order denying the petition (*see* CPLR 204 [a]; *Giblin v Nassau County Med. Ctr.*, 61 NY2d 67, 74 [1984]; *Matter of Alvarez v New York City Hous. Auth.*, 97 AD3d 668 [2012]), that toll was insufficient to render the motion to renew timely. Furthermore, while the doctrine of equitable estoppel permits a court, under the appropriate circumstances, to extend a claimant's time to serve a late notice of claim beyond the statute of limitations (*see Konner v New York City Tr. Auth.*, 143 AD3d 774, 776 [2016]), here, the respondents' conduct cannot be said to have misled or discouraged the petitioner from serving a timely notice of claim (*see Bender v New York City Health & Hosps. Corp.*, 38 NY2d 662 [1976]; *Browne v New York City Tr. Auth.*, 90 AD3d 965, 965-966 [2011]; *Dier v Suffolk County Water Auth.*, 84 AD3d 861, 862 [2011]; *Wade v New York City Health & Hosps. Corp.*, 16 AD3d 677, 677 [2005]).

Accordingly, the Supreme Court properly denied that branch of the petitioner's motion which was for leave to renew his petition.

In light of our determination, we need not reach the parties' remaining contentions. Eng, P.J., Leventhal, Cohen and Duffy, JJ., concur.