Matter of Lockwood v City of Yonkers (2020 NY Slip Op 00135)





Matter of Lockwood v City of Yonkers


2020 NY Slip Op 00135


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-11048
 (Index No. 64529/14)

[*1]In the Matter of Garrett Lockwood, respondent,
v
City of Yonkers, appellant.


Spolzino Smith Buss & Jacobs LLP, White Plains, NY (Robert A. Spolzino and Nancy Durand of counsel), for appellant.
McCarthy Kelly LLP, New York, NY (William P. Kelly of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the City of Yonkers appeals from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated September 12, 2017. The order granted the petitioner's motion for leave to renew his petition for leave to serve a late notice of claim, which had been denied in an order of the same court dated December 11, 2014, and, upon renewal, in effect, vacated the order dated December 11, 2014, and thereupon granted the petition for leave to serve a late notice of claim.
ORDERED that the order dated September 12, 2017, is reversed, on the law, with costs, the petitioner's motion for leave to renew is denied, and the order dated December 11, 2014, is reinstated.
The petitioner, a firefighter employed by the City of Yonkers Fire Department, allegedly was injured on April 24, 2014, during a training exercise. By petition filed September 12, 2014, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim against the City of Yonkers. The City opposed the petition, and the Supreme Court denied the petition and dismissed the proceeding by order dated December 11, 2014. The petitioner did not appeal from that order.
Thereafter, by notice of motion dated May 2, 2017, the petitioner moved for leave to renew his petition for leave to serve a late notice of claim on the City. The City opposed the motion. In an order dated September 12, 2017, the Supreme Court granted the petitioner's motion and, upon renewal, in effect, vacated the order dated December 11, 2014, and thereupon granted the petition for leave to serve a late notice of claim. The City appeals.
"Subject to certain tolling provisions, and except in a wrongful death action, a party must seek leave to serve a late notice of claim within one year and 90 days of the accrual date of the claim" (Matter of Johnson v County of Suffolk, 167 AD3d 742, 744; see General Municipal Law §§ 50-e[5]; 50-i[1]). "Where a [party] moves for such relief . . . after the one-year-and-90-day period has expired, the Supreme Court is without authority to grant such relief" (Cassidy v Riverhead Cent. [*2]Sch. Dist., 128 AD3d 996, 997-998; see Pierson v City of New York, 56 NY2d 950, 954). "[A] motion to renew a prior timely petition for leave to serve a late notice of claim, which renewal motion is made after the statute of limitations has expired, is untimely and does not relate back to the original petition" (Matter of Lubin v City of New York, 148 AD3d 898, 900; see Matter of Adams v City of New York, 180 AD2d 629, 630).
Here, the accident allegedly occurred on April 24, 2014. Therefore, the one-year-and-90-day statute of limitations expired on July 23, 2015. The petitioner's motion for leave to renew his petition was not made until May 2, 2017, nearly two years after the statute of limitations expired, and thus was untimely. While the statute of limitations was tolled from the time the petition was filed until the entry of the order dated December 11, 2014, denying the petition, that tolling period was insufficient to render the motion for leave to renew timely (see CPLR 204[a]; Matter of Lubin v City of New York, 148 AD3d at 900).
Accordingly, the Supreme Court should have denied the petitioner's motion for leave to renew his petition for leave to serve a late notice of claim as untimely.
In light of our determination, we need not reach the City's remaining contentions.
DILLON, J.P., COHEN, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court