Carey v State of New York (2022 NY Slip Op 04485)

Carey v State of New York

2022 NY Slip Op 04485

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, NEMOYER, CURRAN, AND BANNISTER, JJ.

473 CA 21-00578

[*1]WILLIAM H. CAREY AND BARBARA B. CAREY, AS ADMINISTRATORS OF THE ESTATE OF MICHAEL W. CAREY, CLAIMANTS-RESPONDENTS,
v
STATE OF NEW YORK, DEFENDANT-APPELLANT. 

LETITIA JAMES, ATTORNEY GENERAL, ALBANY (KATHLEEN M. TREASURE OF COUNSEL), FOR DEFENDANT-APPELLANT. 

 Appeal from an order of the Court of Claims (Renee Forgensi Minarik, J.), entered September 16, 2020. The order granted the renewed motion of claimants seeking leave to file a late claim based upon negligence. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant, State of New York (State), appeals from an order granting claimants' renewed motion seeking leave to file a late claim. We affirm.
On April 19, 2015, claimants' son (decedent) died while incarcerated at a correctional facility, and on April 17, 2017, claimants moved for leave to file a late claim pursuant to Court of Claims Act § 10 (6). In their proposed claim, claimants asserted, inter alia, negligence and medical malpractice claims based on the State's failure to provide appropriate medical treatment to decedent. On August 9, 2018, the Court of Claims denied the motion, determining that claimants had failed to demonstrate the merit of the proposed claim. On March 11, 2019, claimants moved for leave to renew their motion. The court granted leave to renew and the underlying motion for leave to file a late claim to the extent of allowing claimants to file a claim based upon negligence.
The State contends that the court lacked authority to grant the renewed motion for leave to file a late claim because the statute of limitations had run. We reject that contention. "Because suits against the State are allowed only by the State's waiver of sovereign immunity and in derogation of the common law, statutory requirements conditioning suit must be strictly construed" (Dreger v New York State Thruway Auth., 81 NY2d 721, 724 [1992]). "[T]he failure to comply with . . . Court of Claims Act § 10 (3), concerning the timing of a notice of intent or a claim, . . . deprives a court of subject matter jurisdiction requiring dismissal of the claim" (Gang v State of New York, 177 AD3d 1300, 1301 [4th Dept 2019]; see Hatzfeld v State of New York, 104 AD3d 1165, 1166 [4th Dept 2013]; Ivy v State of New York, 27 AD3d 1190, 1190-1191 [4th Dept 2006]). Nevertheless, Court of Claims Act § 10 (6) gives a court "discretionary power to allow the late filing of a claim upon consideration of a number of factors, including the merits of the case" (Lichtenstein v State of New York, 93 NY2d 911, 912 [1999]; see Stirnweiss v State of New York, 186 AD3d 1444, 1445 [2d Dept 2020]). The motion, however, must be made before the expiration of the applicable statute of limitations under article two of the CPLR (see Court of Claims Act §§ 10 [6]; 12 [2]; Shah v State of New York, 178 AD3d 871, 872 [2d Dept 2019], appeal dismissed 35 NY3d 982 [2020], lv dismissed in part and denied in part 35 NY3d 1107 [2020], rearg denied 36 NY3d 1047 [2021]; Campos v State of New York, 139 AD3d 1276, 1278 [3d Dept 2016]; see generally Alston v State of New York, 97 NY2d 159, 163 [2001]). Once the statute of limitations has expired on the proposed claims, a court is without discretion to entertain an application for leave to file a late claim (see generally Matter of Goffredo v City of New York, 33 AD3d 346, 347 [1st Dept 2006]).
We note that the court did not allow claimants to file a claim based on medical malpractice, which has a 2½-year statute of limitations (CPLR 214-a), but rather permitted claimants to file a claim only for negligence, which has a three-year statute of limitations (CPLR 214 [5]). We agree with the State that the renewed motion for leave to file a late claim did not relate back to the date of the original motion for that relief (see Matter of Lubin v City of New York, 148 AD3d 898, 900 [2d Dept 2017], lv dismissed 32 NY3d 1218 [2019]; Matter of Adams v City of New York, 180 AD2d 629, 630 [2d Dept 1992]; Matter of Asaro v City of New York, 167 AD2d 130, 131 [1st Dept 1990], lv dismissed in part and denied in part 77 NY2d 956 [1991]). We nevertheless conclude that the statute of limitations on the negligence claim had not expired at the time of the renewed motion because of the CPLR 204 (a) toll, and we reject the State's contention that the CPLR 204 (a) toll does not apply to claims against the State (see generally Kealos v State of New York, 150 AD3d 1211, 1213 [2d Dept 2017]).
CPLR 204 (a) provides that "[w]here the commencement of an action has been stayed by a court or by statutory prohibition, the duration of the stay is not a part of the time within which the action must be commenced." CPLR 204 (a) tolls the running of the statute of limitations while a motion seeking leave to file a late claim is pending (see generally Matter of Stevenson v County of Monroe, 63 NY2d 963, 965 [1984]; Giblin v Nassau County Med. Ctr., 61 NY2d 67, 72, 74 [1984]; Kulon v Liberty Fire Dist., 162 AD3d 1178, 1179 [3d Dept 2018]; Young Soo Chi v Castelli, 112 AD3d 816, 817 [2d Dept 2013]). The toll applies even where, as here, a court denies the initial motion for leave to file a late claim (see generally Artup v Simeone, 189 AD3d 1143, 1145 [2d Dept 2020]; Lubin, 148 AD3d at 900; Young Soo Chi, 112 AD3d at 817). The statute of limitations on the negligence claim was tolled while claimants' initial motion seeking leave to file the late claim was pending, and thus the limitations period on the negligence claim had not expired at the time claimants made their renewed motion for leave to file and serve a late claim. The court therefore had the authority to entertain claimants' renewed motion seeking leave to file and serve a late claim with respect to the negligence claim (see Young Soo Chi, 112 AD3d at 817).
In view of our determination, we do not consider the State's remaining contention.
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court