Matter of Delio v County of Suffolk (2025 NY Slip Op 04176)

Matter of Delio v County of Suffolk

2025 NY Slip Op 04176

Decided on July 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2024-00620
 (Index No. 612679/22)

[*1]In the Matter of Raymond Delio, appellant,
v
County of Suffolk, respondent, Town of Huntington, respondent-respondent.

Subin Associates, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Paul H. Seidenstock, and Jillian Rosen], of counsel), for appellant.
Milber, Makris, Plousadis & Seiden, LLP, Woodbury, NY (Louis B. Imbroto of counsel), for respondent-respondent.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Suffolk County (Paul M. Hensley, J.), dated December 19, 2023. The order denied the petitioner's motion, inter alia, for leave to renew that branch of his petition which was pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim on the respondent Town of Huntington, which was denied in an order of the same court dated August 30, 2022.
ORDERED that the order dated December 19, 2023, is affirmed, with costs.
In July 2022, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim on the respondents, Town of Huntington and County of Suffolk, with respect to a claim for damages for personal injuries. The petitioner alleged that he sustained injuries in October 2021, when he tripped and fell after stepping into a hole in the parking lot of the Huntington train station of the Long Island Rail Road in Suffolk County. By order dated August 30, 2022, the Supreme Court denied the petition and dismissed the proceeding.
In September 2023, the petitioner moved, inter alia, for leave to renew that branch of his petition which was pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim on the Town. By order dated December 19, 2023, the Supreme Court denied the motion. The petitioner appeals.
"Subject to certain tolling provisions, and except in a wrongful death action, a party must seek leave to serve a late notice of claim within one year and 90 days of the accrual date of the claim" (Matter of Johnson v County of Suffolk, 167 AD3d 742, 744; see General Municipal Law §§ 50-e[5]; 50-i[1]). "The court is without authority to grant leave to serve a late notice of claim made after the applicable statute of limitations expired" (Matter of Johnson v County of Suffolk, 167 AD3d at 744; see Dannemann v Town of E. Hampton Dept. of Land Acquisition & Mgt., 221 AD3d 960, 962).
"[A] motion to renew a prior timely petition for leave to serve a late notice of claim, [*2]which renewal motion is made after the statute of limitations has expired, is untimely and does not relate back to the original petition" (Matter of Lubin v City of New York, 148 AD3d 898, 900; see Matter of Lockwood v City of Yonkers, 179 AD3d 688, 689).
Here, the petitioner's accident allegedly occurred on October 28, 2021. Therefore, the one-year-and-90-day statute of limitations expired on January 26, 2023. The petitioner's motion, among other things, for leave to renew that branch of his petition which was pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim on the Town was not made until September 13, 2023, more than seven months after the statute of limitations had expired. Thus, that branch of the motion which was for leave to renew was untimely (see Matter of Lockwood v City of Yonkers, 179 AD3d at 689). While the statute of limitations was tolled from the date that the petition was filed until the entry of the order dated August 30, 2022, denying the petition, that tolling period was insufficient to render the motion for leave to renew timely (see CPLR 204[a]; Matter of Lubin v City of New York, 148 AD3d at 900). Further, while the doctrine of equitable estoppel may permit a court, under the appropriate circumstances, to extend a claimant's time to serve a late notice of claim beyond the statute of limitations (see Konner v New York City Tr. Auth., 143 AD3d 774, 776), here, the Town's conduct cannot be said to have misled or discouraged the petitioner from serving a timely notice of claim (see Matter of Lubin v City of New York, 148 AD3d at 900; Dier v Suffolk County Water Auth., 84 AD3d 861, 862).
Accordingly, the Supreme Court properly denied that branch of the petitioner's motion which was for leave to renew that branch of his petition which was pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim on the Town (see Matter of Lockwood v City of Yonkers, 179 AD3d at 689).
In light of our determination, we need not reach the petitioner's remaining contentions.
DUFFY, J.P., MILLER, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court