Doe v State of New York (2026 NY Slip Op 01651)

Doe v State of New York

2026 NY Slip Op 01651

Decided on March 20, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, SMITH, OGDEN, AND DELCONTE, JJ.

75 CA 25-00013

[*1]JOHN DOE, CLAIMANT-APPELLANT,
vTHE STATE OF NEW YORK, DEFENDANT-RESPONDENT. (CLAIM NO. 141450.) 

INCENDII LAW PLLC, BROOKLYN (ANN S. SEIFULLAH OF COUNSEL), FOR CLAIMANT-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (KEVIN C. HU OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Court of Claims (Anthony Brindisi, J.), entered May 31, 2024. The order, insofar as appealed from, granted the motion of defendant to dismiss the claim and denied the cross-motion of claimant for leave to file a late claim. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Claimant commenced this action pursuant to the Adult Survivors Act (ASA) (see CPLR 214-j) seeking damages for alleged sexual harassment and assault inflicted upon him while incarcerated at the Mid-State and Mohawk Correctional Facilities between 1990 and 1994. The verified claim was filed on November 21, 2023, and served on the Attorney General on December 1, 2023. The Court of Claims granted the motion of defendant, State of New York (State), to dismiss the claim for lack of jurisdiction, and denied claimant's cross-motion for leave pursuant to Court of Claims Act § 10 (6) to file a late claim. Claimant appeals, and we affirm.
Commencement of "litigation before the Court of Claims requires both filing and service" of the claim (Williams v State of New York, 238 AD3d 1356, 1358 [3d Dept 2025]; see Court of Claims Act § 11 [a] [i]), and "both [the] filing with the court and service on the Attorney[ ]General must occur within the applicable limitations period" for the action to be timely commenced (Dreger v New York State Thruway Auth., 81 NY2d 721, 724 [1992]). Failure to timely commence an action against the State "deprives a court of subject matter jurisdiction requiring dismissal of the claim" (Gang v State of New York, 177 AD3d 1300, 1301 [4th Dept 2019]; see Hatzfeld v State of New York, 104 AD3d 1165, 1166 [4th Dept 2013]). While Court of Claims Act § 10 (6) provides a court with "discretionary power to allow the late filing of a claim upon consideration of a number of factors, including the merits of the case" (Lichtenstein v State of New York, 93 NY2d 911, 912 [1999]; see Carey v State of New York, 207 AD3d 1194, 1195-1196 [4th Dept 2022]), the court is without subject matter jurisdiction to entertain an application seeking that relief unless it is "made before the expiration of the applicable statute of limitations under article two of the CPLR" (Carey, 207 AD3d at 1196; see Shah v State of New York, 178 AD3d 871, 872 [2d Dept 2019], appeal dismissed 35 NY3d 982 [2020], lv dismissed in part & denied in part 35 NY3d 1107 [2020], rearg denied 36 NY3d 1047 [2021]).
The ASA, inter alia, revived the statute of limitations for expired claims involving the sexual abuse of adults, extending the limitations period through November 24, 2023 (see CPLR 214-j; L 2022, ch 203, § 1). Although the claim here was timely filed, a copy was not served on the Attorney General until December 1, 2023, when the certified mailing was received (see Court of Claims Act § 11 [a] [i]). Thus "the statute of limitations ha[d] expired on the . . . claim[ ], [*2][and the] court [wa]s without discretion to entertain [claimant's] application for leave to file a late claim" (Carey, 207 AD3d at 1196; see generally Ross v State of New York, 217 AD3d 1225, 1225-1226 [3d Dept 2023]).
Entered: March 20, 2026
Ann Dillon Flynn
Clerk of the Court